UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA GIVENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:18-CV-1732 SPM |
| | ) | |
| | ) | |
| SAINT LOUIS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants G. Kearney, K. Gonzales, C. Heitman, I. Jensen, L. Williams, T. Goss, S. Howard, J. Farris, A. Robertson, C. Portell, J. Tippett, A. Woods, J. Douglas, L.Wellman, M. King, M. Walker, and P. Akoh's Motion to Dismiss for Insufficient Service of Process (Doc. 11); Defendants Kearney, Jensen, Williams, Goss, Farris, Portell, Douglas, and Wellman's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 20); Defendants Kearney, Jensen, Williams, Goss, Farris, Portell, Woods, Douglas, and Wellman's Motion to Dismiss Count IV of Plaintiffs' Second Amended Complaint (Doc. 33); and Plaintiffs Memorandum of Voluntary Dismissal of Count IV of their Second Amended Complaint (Doc. 41). For the reasons set forth below, the Court will deny Defendants' Motion to Dismiss for Insufficient Service of Process and Motion to Dismiss Plaintiffs' First Amended Complaint as moot, and will grant Defendants' Motion to Dismiss Count IV of Plaintiffs' Second Amended Complaint.

Defendants, in their Motion to Dismiss for Insufficient Service of Process, assert that because Plaintiffs failed to personally serve the individually named defendants at their dwelling or through an authorized agent, such service was insufficient, as it allegedly failed to comply with the requirements of Federal Rule of Civil Procedure 4(e). However, when the parties' counsel met

in the chambers of the undersigned for a Rule 16 Scheduling Conference, held on January 22, 2019, counsel for Defendants represented that they are in the process of accepting service for the individually named Defendants, and no longer wish to contest service. Based on the discussion at the conference, the Court will dismiss Defendants' Motion to Dismiss for Insufficient Service of Process (Doc. 11) as moot.

In Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, the individually named Defendants sought to dismiss the Complaint because they had been sued only in their official capacities, and asserted that they were entitled to qualified immunity on such official capacity claims. However, after Defendants filed the instant motion, Plaintiffs filed their Second Amended Complaint in which they sued the named Defendants in their individual capacities. Accordingly, the Court will dismiss the Motion to Dismiss Plaintiffs' First Amended Complaint on grounds of qualified immunity as moot.

The Court will now turn to Defendants' Motion to Dismiss Count IV of Plaintiffs' Second Amended Complaint. Count IV is a medical negligence claim, and the applicable state statute requires that an affidavit of merit be filed within ninety days of filing the action. *See* R.S.Mo. § 538.225 ("If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice."). Defendants argue that because Plaintiffs have not filed such an affidavit, and more than ninety days have passed since this lawsuit was filed, the Count must be dismissed. In response, Plaintiffs filed a memorandum voluntarily dismissing Count IV of their Second Amended Complaint. The Court will treat that memorandum as Plaintiffs' concession to the merits of Defendants' motion to dismiss Count IV, and will grant that motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Insufficient Service of Process (Doc. 11), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 20), is **DENIED** as moot.

**IT IS FINALLY ORDERED** that Defendants' Motion to Dismiss Count IV of Plaintiffs' Second Amended Complaint (Doc. 33) is **GRANTED** and Count IV is **DISMISSED** without prejudice.

                                                SHIRLEY PADMORE MENSAH
                                                UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of January, 2019.