UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA GIVENS, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ) <br> SAINT LOUIS COUNTY, et al., ) <br> ) <br> Defendants. ) | No. 4:18-CV-1732 SPM |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs Brenda and Gary Givens' Motion to Exceed Number of Interrogatories Directed to Defendant St. Louis County. (Doc. 124.) In the motion, Plaintiffs state they have served Defendant St. Louis County ("Defendant") with two sets of interrogatories in excess of the twenty-five (25) interrogatories authorized by the Federal Rules of Civil Procedure. On August 31, 2020, Defendant indicated via email that it would not respond to the interrogatories because they exceed the limit. The next day, Plaintiffs filed the present motion. The motion does not indicate whether Plaintiffs responded to Defendant's email or made any written or verbal attempts to meet and confer with Defendant prior to filing the motion.

Following an initial scheduling conference with the parties pursuant to Fed. R. Civ. P. 16, I entered a case management order establishing requirements and deadlines for the parties' conduct and progression of this case. (Doc. 42.) Since that time, the Court has amended various progression deadlines to accommodate the parties' requests, but paragraphs 10 and 11 of the case management orders have remained the same. These paragraphs state as follows:

> 10. All discovery motions, including motions to compel, must be pursued in a diligent and timely manner. The Court will not consider motions to compel filed more than fourteen (14) days following the discovery deadline set out above.

> Pursuant to L.R. 37-3.04, no motion to compel will be considered unless the parties have first attempted to resolve the dispute without court intervention.
>
> 11.     Before filing any discovery motion, the parties must first attempt to resolve their discovery dispute in compliance with the Court's requirements and the Local Rules. If the parties are unable to reach an agreement without court intervention, they must file a joint memorandum requesting a conference. The memorandum must be filed jointly; must specify the parties' previous attempts to resolve; must stipulate (in bullet points) the issues in dispute; and must not exceed three pages in length.

Case Management Order (Doc. 42); Amended Case Management Order (Doc. 87); Second Amended Case Management Order (Doc. 119). The case management order also directs the parties to familiarize themselves with the Local Rules and the undersigned's requirements, which can be found at https://www.moed.uscourts.gov/judge/shirley-padmore-mensah.

The Court finds that Plaintiffs' motion violates the requirements in the operative Second Amended Case Management Order because the motion was filed prior to filing a joint memorandum detailing the parties' attempts to resolve and the specific issues in dispute. The motion also violates the Court's Local Rules and the undersigned's requirements because it does not contain a certification detailing the parties' efforts to resolve the dispute prior to filing the motion.[1] The Court reminds the parties that these requirements mean that counsel will actually speak to each other in a sincere effort to resolve any disputes, not merely send written correspondence.

Pursuant to the aforementioned rules and requirements, Plaintiffs' motion will be denied without prejudice. The Court encourages the parties to discuss Plaintiffs' motion and any future discovery disputes and attempt to resolve them in good faith and without Court intervention.

---

[1] This is not the first discovery motion that Plaintiffs filed without complying with the Court's requirements. On May 22, 2020, Plaintiffs filed a Motion to Quash and/or for Protective Order directed to Defendants Marie Walker, M.D. and Philomena Akoh, M.D. (Doc. 112.) This motion was filed without certifying attempts to resolve and without first filing the joint memorandum required by the case management order.

2

However, should the parties be unable to reach a resolution, the Court will consider any renewed motion filed in compliance with the Second Amended Case Management Order, the Local Rules, and the undersigned's requirements.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Exceed Number of Interrogatories Directed to Defendant St. Louis County (Doc. 124) is **DENIED without prejudice**.

/s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of September, 2020.

3