UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA GIVENS, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 4:18-CV-1732-SPM |
| ST. LOUIS COUNTY, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**[1]

This matter is before the court on Plaintiffs' Motion to For Leave to File Third Amended Complaint, filed on February 8, 2021. (Doc. 148). Defendants Walker and Akoh submitted a Memorandum in Opposition to Plaintiffs' motion (Doc. 150), and Defendants Kearney, Gonzales, Heitman, Jensen, Williams, Goss, Howard, Farris, Robertson, Portell, Tippett, Woods, Douglas, Quadea, Wellman, and King, subsequently joined the memorandum in opposition put forth by Walker and Akoh (Doc. 151). Plaintiffs filed a Reply supporting their motion. (Doc. 152). For the reasons stated below, the court finds that Plaintiffs' Motion for Leave to File Third Amended Complaint is due to be denied.

**I.   Background**

Plaintiffs Brenda Givens and Gary Givens filed this action in their individual capacities on October 11, 2018 against the St. Louis County Department of Justice Services and the eighteen individual defendants named above, in their official capacities, under 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiffs'

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 111).

Complaint alleged that Defendants showed substantial and deliberate indifference to Plaintiffs' son, Zachary Givens, leading to his death in the custody of St. Louis County at the Buzz Westfall Justice Center in Clayton, Missouri. Plaintiffs subsequently filed their First Amended Complaint (Doc. 9), naming St. Louis County as a party defendant in place of the St. Louis County Department of Justice Services, and a Second Amended Complaint (Doc. 28), naming all eighteen individual Defendants in their individual capacities. The court granted both amendments. *See* ECF Nos. 13 (granting leave to file first amended complaint), 31 (granting leave to file second amended complaint).

Count IV of Plaintiff's Complaint, First Amended Complaint, and Second Amended Complaint asserted, without citing to a specific cause of action, that Defendants had a general duty to take reasonable care in the course of administering the decedent's medical care and that Defendants' negligence directly caused or directly contributed to the death of the decedent. (Docs. 1, 9, 28 at ¶¶ 71-75). Defendants filed a motion to dismiss Count IV of the Second Amended Complaint, asserting that it was due to be dismissed for failure to submit an affidavit of merit for each defendant health care provider within 90 days after the filing of this action or within 180 days concurrent with a showing of good cause, as is required for medical negligence claims under Missouri Law, Mo. Rev. Stat. § 538.225. (Doc. 33). Plaintiffs filed a memorandum voluntarily dismissing Count IV of their Second Amended Complaint (Doc. 41), and the court subsequently dismissed Count IV without prejudice on January 28, 2019 (Doc. 46). The Case Management Order in this case has been amended three times. (Docs. 87, 119, 133). The original Case Management Order, issued on January 24, 2019, set the deadline for amendment of pleadings as March 22, 2019 (Doc. 42 ¶ 1), and subsequent amendments to the order did not alter that deadline.

**II.     Legal Standard**

Plaintiffs' motion for leave to amend their complaint implicates Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure. Rule 15(a) governs the amendment of pleadings prior to trial. Fed. R. Civ. P. 15(a). "[W]here an amendment is not sought 'as a matter of course'—as defined by the Rule—'a party may amend its pleading with only the opposing party's written consent or the court's leave.'" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)). There is no absolute right to amend a pleading, and whether to grant or deny a motion for leave to amend is within the sound discretion of the court. *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994). However, Rule 15(a)(2) requires that the leave sought should be freely given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis* 371 U.S. 178, 182 (1962). *See also Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989) (citing *Foman*, 371 U.S. at 182). "Delay alone is insufficient justification; prejudice to the nonmovant must also be shown." *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).

Rule 16(b) governs the court's "issuance and modification of pretrial scheduling orders[.]" *Sherman*, 532 F.3d at 715. The rule specifies that the court must issue a scheduling order which includes limitations on time to amend pleadings, and that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(3)-(4). "Rule 16(b)'s good cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Sherman*, 532 F.3d at 716 (citing *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)). The application of the good-cause standard is not optional, and a party must show good cause before a court will

consider whether amendment would be proper under Rule 15(a). *See id.* (collecting cases). The primary measure of good cause is the movant's diligence in attempting to meet the requirements of the Case Management Order, and the court focuses on the movant's diligence in the first instance, and usually solely, in examining requests to amend. *See id*. at 716-17. A diligent movant must show that there has been a change in the law, newly discovered facts, or any other changed circumstance after the scheduling deadline to amend pleadings, in order to establish good cause. *See id.* at 718. In other words, "'good cause' for a belated amendment under Rule 16(b) requires a showing that, despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner." *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 590 F. Supp. 2d 1093, 1100 (N.D. Iowa 2008) (citing *Sherman*, 532 F.3d at 716-18). A district court acts within its discretion to deny a motion to amend which makes no attempt to show good cause. *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003).

**III.     Discussion**

Plaintiffs' motion for leave to file their third amended complaint does not explicitly address good cause or the standard for modifying a scheduling order under Rule 16(b). However, Plaintiffs appear to assert that the additional claim presented in their Third Amended Complaint, for lost chance of life and survival, arises from the deposition of Plaintiffs' expert which occurred on February 4, 2021, four days preceding their motion to amend. Doc. 148 at ¶¶ 2-3. Plaintiffs assert that the amendment will not prejudice Defendants because Defendants' experts have not been disclosed or deposed, and because "the claims are born of the exact same allegations and damages such that Defendants are on notice of the additional claims." *Id.* ¶¶ 6-7.

Defendants argue that Plaintiffs have failed to meet their burden of establishing good cause because they have failed to justify why their proposed amendment could not have been offered

sooner. Specifically, they assert that the expert whose testimony Plaintiffs rely on for their lost chance of survival claim was retained in July 2020 and provided his final opinions to Plaintiffs in December 2020, and that Plaintiffs would have known that expert support would be required for them to assert a medical negligence claim at the outset of litigation in 2019. Consequently, Defendants contend that Plaintiffs were not diligent in pursuing their amendment, did not show that the amendment could not reasonably have been offered sooner, and failed to meet their burden to establish good cause for amending their complaint more than four months after the issuance of the third case management order and nearly two years after the original deadline to amend pleadings.

Although Plaintiffs' motion for leave to file their Third Amended Complaint contends that Plaintiffs have met the standard to amend their complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure, they have not argued, as required by Rule 16(b), that good cause supports the modification of the court's scheduling order which set the deadline to amend pleadings in March 2019. Because considering Plaintiffs' motion to amend under Rule 15(a) without regard to Rule 16(b) would render this court's scheduling order "meaningless and effectively . . . read Rule 16(b) and its good cause requirement out of the Federal Rules of Procedure," *Sherman*, 532 F.3d at 716, the court first examines whether Plaintiffs have met the Rule 16(b) standard as outlined in the preceding section.

"The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). Plaintiffs filed this action on October 11, 2018. (Doc. 1). The initial case management order was issued on January 24, 2019 and set the deadline for amendment of pleadings as March 22, 2019. (Doc. 42). Upon motion by Plaintiffs, the court issued amended case management orders on February 11,

2020 (Doc. 87), June 10, 2020 (Doc. 119), and September 25, 2020 (Doc. 133). Plaintiffs filed their First Amended Complaint on November 5, 2018 (Doc. 9) and their Second Amended Complaint on January 11, 2019 (Doc. 28), prior to the deadline stated in the initial case management order. The court granted Defendants' motion to dismiss Plaintiffs' original Count IV for medical negligence on January 28, 2019. (Doc. 44). In more than 24 months that elapsed since the court dismissed Count IV of the Second Amended Complaint, Plaintiffs did not seek to amend their complaint to add a lost chance of survival claim and they did not move to extend or otherwise alter the deadline to amend pleadings. Moreover, Plaintiffs have not asserted a change in law, newly discovered facts, or any other circumstance that was discovered after the expiration of the deadline to amend their pleadings or the setting of three separate case management orders. *Sherman*, 532 F.3d at 718. Plaintiffs' initial negligence claim and their assertion that no new facts were added to the allegations in the Third Amended Complaint, suggests that Plaintiffs could have retained and obtained the opinion of an expert at any time in the two years that have passed since their prior negligence count was dismissed. Plaintiffs have not demonstrated diligence in seeking to amend their complaint and have not shown that their proposed amendment could not reasonably have been offered sooner. Accordingly, Plaintiffs' Motion for Leave to File Third Amended Complaint must be denied on solely on that basis. Because Plaintiffs failed to meet their burden to show good cause, the court does not reach the issue of prejudice to the Defendants, or whether the Rule 15(a) standard has been met. *See Sherman*, 532 F.32d at 716-17.

      **Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Third Amended Complaint (Doc. 148) is **DENIED**.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of June, 2021.