UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA GIVENS et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:18-CV-1732-SPM |
| | ) |
| ST. LOUIS COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**[1]

This matter is before the court on Defendants' Joint Motion to Extend Time for the Dispositive Motion Deadline. (Doc. 180). The motion is unopposed.

**I.    Background**

Plaintiffs Brenda Givens and Gary Givens filed this action on October 11, 2018. Plaintiffs filed amended complaints on December 12, 2018 (Doc. 17) (naming St. Louis County as a Defendant) and January 1, 2019 (Doc. 32) (naming each individual in their individual capacities), and the court denied Plaintiffs' third motion to amend their complaint on June 2, 2021 (Doc. 160) (attempting to add a claim for lost change of life and survival). The case management order in this case has been amended three times. (Docs. 87, 119, 133). Each motion to amend the case management order was filed by Plaintiff and cited specific reasons justifying the amendment of the deadlines in the operative case management order. (Docs. 83 (multiple unanticipated substitutions of counsel and extensions granted relating to discovery responses), 117 (delays in depositions caused by the COVID 19 pandemic), 126 (delays in deposition due to the

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 111).

unavailability of deponents and the COVID 19 pandemic)). The original case management order, issued on January 24, 2019, set the deadline to file dispositive motions as June 1, 2020 (Doc. 42 ¶ 15). Since then, by amendment of the case management order, the dispositive motion deadline has been changed to January 15, 2021 (Doc. 87 ¶ 15), February 15, 2021 (Doc. 119 ¶ 15), and July 23, 2021 (Doc. 133 ¶ 15). Subsequent to those amendments, the Court reset the trial date to November 12, 2021 (Doc. 159) and January 18, 2022 (Doc. 179), each time without altering any dates in the Third Amended Case Management Order.

**II.     Discussion**

Defendants request that the Court extend the dispositive motion deadline from July 23, 2021 to August 20, 2021 "to align more aptly with the new trial date," noting that the trial date was moved from November 15, 2021 to January 18, 2022, and that the extension would not prejudice any party or affect the trial date.

Defendants' motion to alter the deadline for dispositive motions is properly understood as a motion to amend the court's case management order. Rule 16(b) governs the court's "issuance and modification of pretrial scheduling orders[.]" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). The rule specifies that the court must issue a scheduling order which includes limitations on time to file motions, and that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(3)-(4). In other words, Rule 16(b) dictates that "a moving party must first make the requisite showing" of good cause, "then the district court retains discretion as to whether to grant the motion." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). While prejudice to the nonmoving party and other factors affect the court's decision, "the primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Id.* (citing *Johnson v.*

*Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *see also* Fed. R. Civ. P. 16(b), advisory committee note (1983 amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). Where the record clearly demonstrates that the diligence requirement has not been met by the party seeking modification of the case management order, the court generally will not consider prejudice. *See Sherman*, 532 F.3d at 717.

Defendants' motion for extension, filed two days before the dispositive motion deadline, does not address the good cause standard or plead any circumstances that would constitute good cause to modify the Third Amended Case Management Order. Additionally, the record does not provide support for a finding of good cause in Defendants' favor. The initial case management order was filed on January 24, 2019 and the Third Amended Case Management Order has been in place since September 25, 2020. Discovery has been ongoing in this case for more than two years, and the operative case management order has been in place for approximately ten months. Defendants have had the opportunity to file dispositive motions during that time, and Defendants have not made the Court aware of any outstanding or contested discovery requests by any Defendant in this case. Defendants have not shown good cause for amending the Third Amended Case Management Order and have not shown that the deadline could not have been reasonably met despite the diligence of any Defendant seeking to file a dispositive motion. As such, Defendants' motion for extension is due to be denied.

### III.     Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion to Extend Time for the Dispositive Motion Deadline (Doc. 180) is **DENIED** without prejudice.

                                                  /s/ Shirley Padmore Mensah  
                                                  SHIRLEY PADMORE MENSAH  
                                                  UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of August, 2021.