UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA GIVENS, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:18-CV-1732-SPM |
| ST. LOUIS COUNTY, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**[1]

This matter is before the court on Defendant St. Louis County's Motion to Exclude Morbidity and Mortality Review Meeting Notes from Discovery (Doc. 182) and its memorandum in support of the motion (Doc. 183). Plaintiffs filed their opposition to Defendant's motion (Doc. 184). For the reasons discussed below, Defendant's motion is denied.

**I.    Background**

Plaintiffs Brenda Givens and Gary Givens filed this action in their individual capacities on October 11, 2018 against the St. Louis County Department of Justice Services and eighteen individual defendants for violations of the Eighth and Fourteenth Amendments of the United States Constitution, alleging that Defendants' substantial and deliberate indifference to Plaintiffs' son, Zachary Givens, led to his death in the custody of St. Louis County at the Buzz Westfall Justice Center in Clayton Missouri. Through subsequent amendment and motions to dismiss, Plaintiffs substituted St. Louis County in place of the St. Louis County Department of Justice Services and

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 111).

dismissed all eighteen individual defendants in this matter. (Docs. 9, 28, 186). St. Louis County is the only remaining Defendant in this matter.

Defendant seeks to prevent disclosure of the Morbidity and Mortality Review ("MMR") Meeting Notes taken by Jennifer Lee Banes on the basis of patient safety work product privilege. Plaintiffs have twice filed motions to compel Defendant to produce discovery which would encompass Banes' MMR meeting notes. (*See* Docs. 136, 164). On November 2, 2020, based on the parties' joint memorandum and discovery dispute sheet stating that Defendant had agreed to produce the documents at issue in the motion to compel (Doc. 142), the Court denied Plaintiffs' first motion to compel as moot and ordered Defendant to produce responsive documents by the dates memorialized in the parties' filing (Doc. 143). On June 9, 2021, Plaintiffs again filed a motion to compel, noting that Defendant had asserted objections not averred on the discovery disputed chart submitted to the court, that Defendant had failed to produce all responsive documents pursuant to the Court's order, and that Plaintiffs met and conferred with Defendant numerous times but did not receive responses or supplementation to its requests within the requested time frame. (Doc. 164). The Court denied Plaintiffs' second motion to compel without prejudice for noncompliance with the conditions of the Third Amended Case Management Order requiring the parties to file a joint memorandum requesting a conference specifying the parties' prior attempts to resolve the dispute and stipulating the issue(s) in dispute. (Dkt. No. 171).

On June 24, 2021, the parties filed a Joint Motion for Discovery Conference that stated that the Defendant failed to produce meeting notes and agenda following the death of Zachary Givens, under assertion of peer review privilege, despite having produced some meeting notes in its first production of documents without any objection, and the submission of a discovery disputes chart which listed no objection to Plaintiffs' request for such notes and agenda. (Doc. 174 at 2). On July

20, 2021, the Court held a hearing regarding the parties' joint motion and subsequently ordered that Defendant file a privilege log of sufficient specificity to comply with Rule 26 of the Federal Rules of Civil Procedure, a supporting memorandum addressing its assertion of privilege over documents responsive to Plaintiffs' discovery request(s) and whether privilege had been waived by Defendant's prior production and failure to assert privilege previously, and any other affidavits or materials supporting its privilege claim. (Doc. 178). Defendant filed the instant Motion to Exclude, together with a privilege log, in response to the Court's order, which the court will construe as a Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

## II.     Legal Standard

The Federal Rules of Civil Procedure provide a broad scope of discovery that allows parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P 26(b)(1). However, "[a] party or person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id*. Likewise, "confidential communications or information considered privileged customarily remains protected from disclosure during the discovery process" and "federal courts have the authority to protect privileged information from disclosure" pursuant to Rule 26(c). *Worthington v. Endee*, 177 F.R.D. 113, 116 (N.D.N.Y 1998) (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Lipinski v. Skinner*, 781 F. Supp. 131, 134 (N.D.N.Y. 1991)). The moving party for a protective order under Rule 26(c) bears the burden of showing the necessity for such order to issue. *Gen Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) cert. denied, 414 U.S. 1162 (1974). The trial court has discretion to grant or deny a protective order. *Id*.

### III. Discussion

Defendant seeks to prevent disclosure of the MMR meeting notes taken by Jennifer Lee Banes on the basis of patient safety work product privilege. Defendant produced an MMR meeting report with handwritten notes to Plaintiffs in November 2019 in response to Plaintiffs' First Request for Production. Defendant asks that the Court rule that its inadvertent production of the meeting report and failure to timely object to Plaintiffs' request for MMR meeting notes do not constitute a waiver of the patient safety work product privilege, and to exclude Banes' notes from discovery requests made by Plaintiffs. The issue underlying Defendant's instant motion is the extent to which, if any, the patient safety work product privilege[2] applies to Banes MMR meeting notes, and if so, whether the privilege has been waived, as asserted by Plaintiffs. Each issue is discussed in turn below.

### A. Patient Safety Work Product Privilege

The Patient Safety and Quality Improvement Act ("PSQIA") provides that certain patient safety work product shall be privileged and not subject to discovery. 42 U.S.C. § 299b-22(a). Subject to specific exceptions, patient safety work product is defined as:

> any data, reports, memoranda, analyses (such as root cause analyses), or written or oral statements—
>
> (i) which—
> 　　(I) are assembled or developed by a provider for reporting to a patient safety organization and are reported to a patient safety organization; or
>
> 　　(II) are developed by a patient safety organization for the conduct of patient safety activities;
> and which could result in improved patient safety, health care quality, or health care outcomes; or

---

[2] Defendant initially asserted peer review privilege over Banes' MMR meeting notes. (*See* Doc. 184-5 at 10). However, during the discovery conference held on July 20, 2021, counsel for Defendant informed the Court that he mistakenly asserted peer review privilege and had intended to assert patient safety work product privilege.

>> (ii) which identify or constitute the deliberations or analysis of, or identify the fact of reporting pursuant to, a patient safety evaluation system.

42 U.S.C. § 299b-21(7)(A). The PSQIA defines a provider as "an individual or entity licensed or otherwise authorized under State law to provide healthcare services," and provides a non-exhaustive list of the types of institutions and entities considered providers under the PSQIA, or as "any other individual or entity specified in regulations promulgated by the Secretary [of the Department of Health and Human Services]." *Id*. § 299b-21(8). To be considered a "patient safety organization" under the PSQIA, an organization must be "a private or public entity or component thereof that is listed by the Secretary pursuant to section 924(d) [42 U.S.C. § 299-24(d)]." *Id*. § 299b-21(4).

Defendant contends that as Accreditation Manager of the St. Louis County Department of Justice Services, Banes attends and takes notes at MMR meetings for the purpose of accreditation audits by the American Correctional Association ("ACA") and that the PSQIA and patient safety work product privilege is applicable to Banes' MMR notes because the Corrections Medicine program of the Department of Justice Services falls under the PSQIA's definition of a provider as an individual or entity licensed to provide health care services under state law. (Doc. 183 at 2-3). Defendant argues that Banes' MMR meeting notes are subject to the patient safety work product privilege due to the purpose of the notes being related to ACA review and the utilization of such notes as part of the ACA's audit procedures. *Id*. Defendant asserts, by implication, that the ACA is a patient safety organization. However, Defendant does not specifically argue that the ACA has been federally certified as a patient safety organization. Nor does Defendant argue that the purpose of Banes' MMR meeting notes was to improve patient safety, health care quality, or health care outcomes, or that it was related to a patient safety evaluation system.

As the party claiming the privilege, Defendant has the burden of showing that the requested information falls into one of the categories defined above. Defendant has not argued that the ACA is a patient safety organization as defined in section 299b-21(7)(A)(i)(I)-(II) or shown that the ACA has been otherwise federally certified as a patient safety organization. Furthermore, Defendant does not argue that the MMR meeting notes are reported to any other listed patient safety organization. The Court further notes that the ACA has not been listed as a patient safety organization by the Agency for Healthcare Research and Quality, which maintains an online listing of approved patient safety organizations.[3] Where a party asserting patient safety work product privilege fails to show that the information over which privilege is being asserted was reported to or collected for the purpose of reporting to a patient safety organization, the privilege does not apply. *See Rice v. St. Louis Univ.*, 2020 U.S. Dist. LEXIS 194928, at *10 (E.D. Mo. Oct. 21, 2020) (finding that patient safety work product privilege did not apply where the party asserting the privilege did not argue that the information was reported to a patient safety organization or collected for the purpose of reporting to a patient safety organization). Defendant has failed to meet its burden to show that the patient safety work product privilege applies to Banes' MMR meeting notes. Therefore, Defendant's Motion to Exclude Mortality and Morbidity Notes from Discovery (Doc. 182) should be denied.

---

[3] The Court takes judicial notice that the American Correctional Association and the St. Louis County Department of Justice Services are not listed as a certified patient safety organizations by the Agency for Healthcare Research and Quality. *See Alphabetical Directory of Listed Patient Safety Organizations*, AGENCY FOR HEALTHCARE RESEARCH AND QUALITY, https://www.pso.ahrq.gov/pso/listed/printable-list (last visited November 4, 2021).

B.     Waiver of Privilege

"Where a Court determines that an objection does not cover an allegedly privileged document, or that the objection was not made in good faith . . . the Court may decide whether the objecting party should be deemed to have waived the privilege." *Jo Ann Howard & Assocs., P.C. v. Cassity*, No. 4:09-cv-1252 ERW, 2013 U.S. Dist. LEXIS 133308, at *22 (E.D. Mo. Sept. 18, 2013) (citing *United States v. Philip Morris, Inc.*, 347 F.3d 951, 954 (D.D.C. 2003)). Unlike Federal Rule of Civil Procedure 33(b)(4), which states that any grounds for objection to an interrogatory not stated in a timely manner are waived unless the court finds good cause to excuse the failure, Rule 34, which addresses requests for production, does not contain a waiver provision. *See* Fed. R. Civ. P. 33(b)(4); 34(b)(2). However, courts have uniformly held that that the Rule 33 waiver provision applies to Rule 34 as well. *See Parshall v. Menard, Inc.*, No. 4:16-cv-828 CEJ, 2016 U.S. Dist. LEXIS 171243, at *3 (E.D. Mo. Dec. 16, 2016) (collecting cases). Therefore, an objection to a request for production may be waived if it is not timely raised and good cause for the delay is not shown. *Id*. Federal Rule of Civil Procedure Rule 34 states that a party to whom a request for production is directed must respond in writing within 30 days of being served with the request and that any objections to requests for production "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b). Furthermore, Rule 26(b) requires that a party asserting privilege must expressly make the claim and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a matter that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). In practice, courts have interpreted Rule 26(b) to require the party asserting privilege to produce a document index or privilege log of sufficient detail to avoid waiving privilege. *See Baranski v. United States*, No. 4:11-cv-123 CAS,

2014 U.S. Dist. LEXIS 175365, at *20 (E.D. Mo. Dec. 19, 2014) (citing 9A Charles Alan Write & Arthur R. Miller, Federal Practice and Procedure § 2464 (3d ed. 2011); *In re Grant Jury Subpoena*, 274 F.3d 563, 575-76 (1st Cir. 2001)). While good cause to excuse waiver of an objection can be construed differently depending on the circumstances of a given case, courts considering whether to exclude a waiver regarding privilege or work-product protections engage in a multifactorial inquiry. *See Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 426 (D. Minn. 2012). A court may consider, for instance, a party's diligence in responding to a discovery request, the impact that the waiver may have on litigation, whether there was intent to delay or mislead the requesting party, the length of the delay, the reason for the delay, whether the responding party acted in bad faith, whether the requesting party has been prejudiced, whether the request was overly burdensome, and whether waiver would impose a harsh result on the defaulting party. *See id*. In determining whether good cause to excuse waiver exists in the instant case, the Court will consider all of the above factors and address Defendant's arguments.

Plaintiffs contend that even if the patient safety work product privilege would apply, Defendant has waived any privilege objection because it failed to timely produce a privilege log without a showing of good cause, failed to raise the objection for more than three years after the commencement of this action, and failed to perform a reasonable inquiry into the existence of Banes' MMR meeting Notes or any other MMR notes, agenda, or action plans relating to the death of Zachary Givens.

Defendant asserts that it never waived its assertion of privilege over Banes' MMR meeting notes because counsel for Defendant "was unaware of the existence of Ms. Banes' M&M Review

meeting notes, until her November 12, 2021 [sic] deposition." (Doc. 183 at 4).[4] Defendant states that it objected to Plaintiffs' counsel's questioning regarding the contents of the notes, asserted privilege, and subsequently refused to disclose the meeting notes, asserting that the notes were privileged. *Id*. Having asserted that it never waived privilege, Defendant does not assert that there is good cause to excuse waiver.

While it does not appear that Defendant acted in bad faith, Defendant's failure to discover responsive materials to Plaintiffs' discovery request and failure to object to Plaintiffs' request until more than one year after Plaintiffs' request for production seeking Defendant's MMR meeting agenda, notes, and action plan, despite numerous discovery conferences, and representations that it would produce responsive materials evinces a lack of diligence on the part of Defendant. Plaintiffs first served Defendant with their First Request for Production on August 30, 2019, and Defendant did not respond until November 14, 2019. Defendant did not object or produce a privilege log in response to Plaintiffs' First Request for Production No. 38 ("1st RFP No. 38"), for MMR meeting agenda, meeting notes, and action plan, and also produced the MMR meeting report, which included handwritten notes, to Plaintiffs. The parties met and conferred regarding numerous discovery disputes in October 2020 and submitted a joint discovery dispute chart to the Court in which Defendant stated "no objection" in response to Plaintiffs' 1st RFP No. 38. (Doc. 142-6 at 3). During the depositions of Julia Murphy and Cynthia Duffie in the presence of Defendant's counsel, which occurred in October 2020, the deponents were asked specific questions about the MMR meeting report previously produced by Defendant without any objections or assertion of privilege by Defendant's counsel. (*See* Docs. 184-3 at 9-10, 184-4 at 9-

---

[4] Defendant cites to the deposition of Jennifer Banes, taken on November 12, 2020. (*See* Doc. 182-1).

11). During Banes' subsequent deposition in November 2020, Banes was asked about the MMR meeting report and referred to her own notes taken during that meeting. Defendant's counsel objected to further questions about Banes' notes, asserting peer review privilege over MMR meeting notes for the first time during Banes' deposition. Defendant's failure to discover and/or object to Plaintiffs' 1st RFP No. 38 have resulted in numerous attempts to resolve the dispute, multiple motions to compel, and multiple discovery hearings which encompass the present dispute which have been ongoing for more than one year. Defendant has not argued that it would be unduly burdensome to produce responsive documents to Plaintiffs' request to produce materials responsive to the 1st RFP No. 38, nor that it would be unduly burdensome to produce Banes' MMR meeting notes in particular. Having considered the many factors enumerated above, the circumstances weigh against excusing the waiver of Defendant's claim of privilege over Banes' notes.

      C.      Certification of Discovery

Rule 26(g) of the Federal Rules of Civil Procedure requires that discovery responses be signed and certified that to the best of the signer's knowledge, information, and belief formed after a reasonable inquiry, it is "complete and correct at the time it is made." Fed. R. Civ. P. 26(g)(1). The reasonable inquiry required under Rule 26(g) "is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." Fed. R. Civ. P. 26(g), Advisory Committee Notes (1993). The attorney "may rely on assertions by the client and on communications with other counsel in the case," but "[u]ltimately, what is reasonable is a matter for the court to decide on a totality of circumstances." *Id*. While certification under Rule 26(g) does not require a party to disclose privileged communications or work product, it "certifies that the lawyer has made a reasonable effort to assure that the client has provided all the

information and documents available to him that are responsive to the discovery demand." *Id*. The certification of a discovery request "must be evaluated in light of the totality of the circumstances known at the time of signing. Therefore, the practical import of Rule 26(g) is to require vigilance by counsel throughout the course of the proceeding." *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 516 (N.D. Iowa 2000) (citing *Chapman & Cole v. Itel Container Int'l, B.V.*, 865 F.2d 676 (5th Cir.), cert. denied, 493 U.S. 872 (1989)).

Plaintiffs contend that, even if the patient safety work product privilege would apply, Defendant has waived any privilege objection because it failed to timely produce a privilege log without a showing of good cause, failed to raise the objection for more than three years after the commencement of this action, and failed to perform a reasonable inquiry into the existence of Banes' MMR meeting Notes or any other MMR notes, agenda, or action plans relating to the death of Zachary Givens. As part of their argument regarding waiver of privilege, Plaintiffs contend that Defendant failed to properly certify, pursuant to Rule 26(g) of the Federal Rules of Civil Procedure, that its discovery responses were complete and correct at the time they were made to the best of the attorney's knowledge, information, and belief, formed after a reasonable inquiry. (Doc. 184 at 6). Plaintiffs note that Defendant claims it was unaware of Banes' MMR meeting notes until her deposition on November 2020 despite knowing that the MMR occurred, that notes likely existed, that Banes typically attends and takes notes at MMRs, and that Banes was present at the MMR of Zachary Givens. *Id*. at 6-7.

Defendant has not denied or otherwise responded Plaintiffs' contention that it did not perform a reasonable inquiry as required by Rule 26(g), and the privilege log lists Banes' MMR meeting notes as the only item over which Defendant asserts patient safety workplace privilege –

Defendant has not identified any other documents responsive to 1st RFP No. 38. (*See* Doc. 182-3).

Based on the record before the Court and Plaintiffs' uncontested argument, the Court finds that Defendant has failed to provide adequate certification that its discovery responses were complete and correct as of the time made, that Defendant has failed to provide discovery in a timely manner, and that Defendant currently is withholding information responsive to Plaintiffs' discovery request pertaining to the MMR meeting agenda, notes, and action plan. As discussed in the preceding sections, Defendant's objection based on privilege cannot be sustained and its request for protective order will be denied. Accordingly, Defendant is directed to produce the MMR meeting notes of Jennifer Banes, and to produce any other documents responsive to Plaintiffs' 1st RFP No. 38 after performing a reasonable inquiry as required by Rule 26(g).

**IV.   Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant St. Louis County's Motion to Exclude Morbidity and Mortality Review Meeting Notes from Discovery (Doc. 182) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant must produce the MMR meeting notes of Jennifer Banes.

**IT IS FURTHER ORDERED** that Defendant shall:

1. Perform a reasonable inquiry, as required by Rule 26(g)(1), for any information in Defendant's possession, custody, or control that is responsive to Plaintiffs' discovery request, Number 38 of Plaintiffs' First Request for Production, for any agenda(s), meeting notes, and action plan(s) related to the Morbidity & Mortality Review conducted following the death of Zachary Givens.

2. Produce any newly-discovered responsive documents; and

3. Submit a verification that explains the steps taken to conduct a reasonable inquiry and certifies that all responsive documents have been provided

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to request, **within 14 days after the entry of this order**, that Defendant provide a declaration and/or appear for a Rule 30(b)(6) deposition on the efforts Defendant has taken to search for information responsive to Request No. 38 of Plaintiffs' First Request for Production.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of December, 2021.